IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 2:14-0727 |
| | ) | |
| | ) | |
| -vs- | ) | 21 USC § 841(a)(1) |
| | ) | 21 USC § 841(b)(1)(A) |
| | ) | 21 USC § 841(b)(1)(B) |
| | ) | 21 USC § 846 |
| JUAN ENRIQUE RODRIGUEZ | ) | 18 USC § 982(a)(1) |
| ALFRED ADAMS | ) | 21 USC § 853 |
| MAXINE ADAMS | ) | 21 USC § 881 |
| | | 28 USC § 2461(c) |
| ROSALINDA OBREGON-MEJIA | ) | |
| a/k/a "Linda" | ) | |
| MIGUEL DIAZ-DURAN | ) | |
| a/k/a "Hector" | ) | |
| DANIEL ANTHONY ROSARIO | ) | |
| a/k/a "Power" | ) | |
| RONKEI KAYENSKI HEARD | ) | SECOND SUPERSEDING INDICTMENT |
| CYNTHIA ADAMS | ) | |
| VALENTIN GONZALEZ | ) | |
| a/k/a "Piojo" | ) | |
| a/k/a "Vale" | ) | |
| JOHN WAYNE WHITAKER | ) | |
| ROSHEKA ARCHIE | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| SHANE M. HENDERSON | ) | |
| CHRISTOPHER T. GLOVER | ) | |

**COUNT 1**

THE GRAND JURY CHARGES:

1. That beginning at a time unknown to the grand jury, but beginning at least in or around March 2014, and continuing thereafter, up to and including the date of this Second Superseding Indictment, in the District of South Carolina, the defendants, JUAN ENRIQUE

1

RODRIGUEZ; ALFRED ADAMS; MAXINE ADAMS; ROSALINDA OBREGON-MEJIA, a/k/a "Linda;" MIGUEL DIAZ-DURAN, a/k/a "Hector;" DANIEL ANTHONY ROSARIO, a/k/a "Power;" RONKEI KAYENSKI HEARD; CYNTHIA ADAMS; VALENTIN GONZALEZ, a/k/a "Piojo," a/k/a "Vale;" JOHN WAYNE WHITAKER; ROSHEKA ARCHIE;

SHANE M. HENDERSON; and CHRISTOPHER T. GLOVER, knowingly and intentionally did combine, conspire and agree together and have tacit understanding each other with and others, both known and unknown to the grand jury, to knowingly, intentionally and unlawfully possess with intent to distribute and distribute heroin, a Schedule I controlled substance and methamphetamine, a Schedule II controlled substance:

    a. With respect to JUAN ENRIQUE RODRIGUEZ, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 grams or more of heroin, 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 841(b)(1)(A);

    b. With respect to ALFRED ADAMS, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 grams or more of heroin, 5 grams or more of methamphetamine and 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

c. With respect to MAXINE ADAMS, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is 100 grams or more of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

d. With respect to ROSALINDA OBREGON-MEJIA, a/k/a "Linda," the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is 100 grams or more of heroin and 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 841(b)(1)(A);

e. With respect to MIGUEL DIAZ-DURAN, a/k/a "Hector," the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

f. With respect to DANIEL ANTHONY ROSARIO, a/k/a "Power," the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 grams or more of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

g. With respect to RONKEI KAYENSKI HEARD, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 grams or more of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

h. With respect to CYNTHIA ADAMS, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is 100 grams or more of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

i. With respect to VALENTIN GONZALEZ, a/k/a "Piojo," a/k/a "Vale," the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

j. With respect to JOHN WAYNE WHITAKER, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 grams or more of methamphetamine and 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

k. With respect to ROSHEKA ARCHIE, the amount involved in the conspiracy attributable to her as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to her, is 5 grams or more of methamphetamine

and 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

n. With respect to SHANE M. HENDERSON, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 grams or more of methamphetamine and 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

o. With respect to CHRISTOPHER T. GLOVER, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other

conspirators reasonably foreseeable to him, is 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

That beginning at a time unknown to the Grand Jury, but beginning at least in or around March 2014, and continuing thereafter up to and including the date of this Second Superseding Indictment, in the District of South Carolina and elsewhere, the defendants, JUAN ENRIQUE RODRIGUEZ; ALFRED ADAMS, JR.; ROSALINDA OBREGON-MEJIA, a/k/a, "Linda;" MIGUEL DIAZ-DURAN, a/k/a, "Hector;" DANIEL ANTHONY ROSARIO, a/k/a, "Power;" RONKEI KAYENSKI HEARD; CYNTHIA ADAMS; VALENTIN GONZALEZ, a/k/a, "Piojo," a/k/a, "Vale;" and SHANE M. HENDERSON; knowing and intentionally did combine, conspire, agree and have tactic understanding with each other and other persons, both known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions which in fact involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transactions represented the proceeds of some form on unlawful activity, and further knowing that (1) the transactions were designed to promote the carrying on of the specified unlawful activity; (2) the transactions were designed, in whole and in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity; and (3) the transactions involved criminally derived property of a value greater than $10,000; in violation of

6

Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1957 and 2;

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 3

THE GRAND JURY FURTHER CHARGES:

That on or about December 8, 2014, in the District of South Carolina, the Defendant, **VALENTIN GONZALEZ, a/k/a/ "Piojo**," knowingly did possess firearms in furtherance of a drug trafficking crime which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## FORFEITURE

1.  DRUG-TRAFFICKING OFFENSE:

Upon conviction for one or more felony violations of Title 21, United States Code, Sections 841 and 846, as charged in this Second Superseding Indictment, the Defendants, JUAN ENRIQUE RODRIGUEZ; ALFRED ADAMS; MAXINE ADAMS; ROSALINDA OBREGON-MEJIA, a/k/a "Linda;" MIGUEL DIAZ-DURAN, a/k/a "Hector;" DANIEL ANTHONY ROSARIO, a/k/a "Power;" RONKEI KAYENSKI HEARD; CYNTHIA ADAMS; VALENTIN GONZALEZ, a/k/a "Piojo;" JOHN WAYNE WHITAKER; ROSHEKA ARCHIE;

SHANE HENDERSON; and CHRISTOPHER T. GLOVER shall forfeit to the United States all of the defendants' right, title and interest in and to any property, real and personal,

> (a) constituting, or derived from any proceeds the defendants obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;
> (b) used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations of Title 21, United States Code;
> (c) any firearms and ammunition (as defined in 18 U.S.C. § 921) used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of controlled substances or any proceeds traceable to such property.

7

2. <u>MONEY LAUNDERING</u>:

Upon conviction for violations of Title 18, United States Code, Section 1956 as charged in Count 2 of this Second Superseding Indictment, the defendants, JUAN ENRIQUE RODRIGUEZ; ALFRED ADAMS, JR.; ROSALINDA OBREGON-MEJIA, a/k/a, "Linda;" MIGUEL DIAZ-DURAN, a/k/a, "Hector;" DANIEL ANTHONY ROSARIO, a/k/a, "Power;" RONKEI KAYENSKI HEARD; CYNTHIA ADAMS; VALENTIN GONZALEZ, a/k/a, "Piojo," a/k/a, "Vale;" and SHANE M. HENDERSON shall forfeit to the United States any property, real or personal, involved in a transaction or attempted transaction in violation of Title 18 United States Code, Section 1956, as charged in the Second Superseding Indictment, or any property traceable to the offense, pursuant to Title 18 United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28 United States Code, Section 2461(c).

3. <u>PROPERTY</u>:

A. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), Title 21, United States Code, Sections 853(a) and 881, and Title 28, United States Code, Section 2461(c), property subject to forfeiture upon conviction of the defendants for the offenses charged in the Second Superseding Indictment, but is not limited to the following:

(1) <u>Proceeds/Money Judgment</u>: A sum of money equal to all property the defendants obtained as a result of the drug offenses charged in the Second Superseding Indictment, that is a minimum of $600,000.00 in United States currency, and all interest and proceeds traceable thereto as a result for their violations of 21 United States Code, Section 846 and/or a sum of money equal to all property involved in the money laundering offense charged in Count 2 of the Second Superseding Indictment, and all interest and proceeds traceable thereto, for which the defendants are jointly and severally liable.

(2) <u>U.S. Currency/Cash</u>:

8

  (a) $2,369.00 in U.S. currency seized 12/8/14 from Dolores Patricia Flores-Rojas and Valentin Gonzalez Asset ID: 15-DEA-607225;

  (b) $2,010.00 in U.S. currency seized 12/8/14 from Valentin Gonzalez Asset ID: 15-DEA-607228

 (3) <u>Real Property</u>:

  324 Revels Road
  Chesnee, SC 29323
  Titled owner: Dolores Patricia Flores-Rojas

  All parcel of land as described in Deed Book 68K, Page 701, ID# 2-18-00-087.00, being known and designated as all that certain piece, parcel or tract of land lying and being situated in the County of Spartanburg, State of South Carolina, about (3) miles southwest of Chesnee, being shown and designated 2.18 acres, more or less, on plat entitled "Survey for Patrick M. Brown and Ronald R. Worsham", dated September 1, 1992 by Wolfe and Huskey, Inc., Engineering and Surveying, to be recorded herewith. Reference is specifically made to the aforesaid plat in aid and description.

  TMS No: 2-18-00-087.00

  Derivation: This being the same property conveyed to the Grantor, Patrick M. Brown, herein, by Joy Annette Cooper, deed signed 4-22-2002 and recorded 5-23-2002 in the office of the Register of Deeds for Spartanburg County in Deed Book 75-V, Page 443.

B. <u>SUBSTITUTE ASSETS</u>:

 If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant –

  (1) cannot be located upon the exercise of due diligence;
  (2) has been transferred or sold to, or deposited with, a third person;
  (3) has been placed beyond the jurisdiction of the Court;
  (4) has been substantially diminished in value; or
  (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the said defendants

Flores-Rojas and Valentin Gonzalez; Asset ID: 15-DEA-607225;

(b) $2,010.00 in U.S. currency seized 12/8/14 from Valentin Gonzalez Asset ID: 15-DEA-607228

(2) Real Property:

324 Revels Road
Chesnee, SC 29323
Titled owner: Dolores Patricia Flores-Rojas

All parcel of land as described in Deed Book 68K, Page 701, ID# 2-18-00-087.00, being known and designated as all that certain piece, parcel or tract of land lying and being situated in the County of Spartanburg, State of South Carolina, about (3) miles southwest of Chesnee, being shown and designated 2.18 acres, more or less, on plat entitled "Survey for Patrick M. Brown and Ronald R. Worsham", dated September 1, 1992 by Wolfe and Huskey, Inc., Engineering and Surveying, to be recorded herewith. Reference is specifically made to the aforesaid plat in aid and description.

TMS No: 2-18-00-087.00

Derivation: This being the same property conveyed to the Grantor, Patrick M. Brown, herein, by Joy Annette Cooper, deed signed 4-22-2002 and recorded 5-23-2002 in the office of the Register of Deeds for Spartanburg County in Deed Book 75-V, Page 443.

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c).

A \_\_\_\_true\_\_\_\_ Bill

_____
WILLIAM N. NETTLES (nb)
UNITED STATES ATTORNEY